UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DARYL ANTONIO BROWN,

Plaintiff,

v.                                                    CAUSE NO. 3:21-CV-181-DRL-MGG

MICHELLE BRIGGS,

Defendant.

<u>OPINION AND ORDER</u>

Daryl Antonio Brown, a prisoner without a lawyer, is proceeding in this case "against Michelle Briggs in her individual capacity for compensatory and punitive damages for not reinstating Mr. Brown to the [Recovery While Incarcerated ("RWI")] Treatment Program because of his race in violation of the Fourteenth Amendment[.]" ECF 6 at 5-6. Specifically, Mr. Brown alleged in his complaint that he was removed from the RWI program on August 28, 2020, after an altercation with another inmate, and Ms. Briggs did not consent for Mr. Brown to return to the RWI program because of his race. ECF 2. Ms. Briggs filed a motion for summary judgment, arguing Mr. Brown did not exhaust his administrative remedies before filing this lawsuit. ECF 24. Mr. Brown filed a response and Ms. Briggs filed a reply. ECF 36, 50. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of

Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, a prisoner can be excused from failing to exhaust if the grievance process was effectively

unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

Ms. Briggs argues Mr. Brown did not exhaust his administrative remedies because the grievance office has no record of any accepted formal grievance filed by Mr. Brown with respect to his claims in this lawsuit. ECF 25 at 17-19. Ms. Briggs provides an affidavit from John Harvil, the Grievance Specialist at Westville Correctional Facility, who attests to the following: Mr. Brown did not file any accepted formal grievance from August 28, 2020, to March 12, 2021, on any matter. ECF 26-1 at 13. On December 26, 2020, Mr. Brown attempted to file Grievance 906402. *Id.* at 13, 47. In Grievance 906402, Mr. Brown stated he was "grieving the fact that Mr. Krueger has failed to properly process my classification appeal," which violated his due process rights and prevented him from appealing a classification decision. *Id.* Mr. Brown requested as relief that he receive three months of back pay. *Id.* On January 6, 2021, the grievance office rejected Grievance 906402 because it raised a non-grievable classification issue. *Id.* at 13, 46. The "Return of Grievance" form also stated the issue was resolved because Mr. Brown would receive the back pay he requested. *Id.* If Mr. Brown had attempted to file a grievance related to Ms. Briggs' alleged action of failing to reinstate him in the RWI program because of his race, this would have

been a grievable issue. *Id*. at 14. However, Mr. Brown did not attempt to file any such grievance. *Id.* Because Mr. Brown does not dispute any of the facts in Mr. Harvil's affidavit, the court accepts them as undisputed.

In his response, Mr. Brown concedes he did not submit any accepted grievance. ECF 37. Instead, he argues the grievance office made the grievance process unavailable to him for two reasons. *Id*. First, Mr. Brown argues the Grievance Specialist erroneously rejected Grievance 906402 because (1) it alleged "affirmative misconduct" that was grievable, and (2) the "Return of Grievance" form resolved his complaint on the merits by awarding him back pay. *Id*. at 10. However, any deficiencies in the grievance office's response to Grievance 906402 are immaterial, as Grievance 906402 did not complain of Ms. Briggs' alleged discrimination. Specifically, Grievance 906402 complained only of the manner in which Mr. Brown's classification appeal was processed, and did not allege Ms. Briggs discriminated against him based on his race. Because Grievance 906402 did not put the prison on notice of Mr. Brown's allegation of racial discrimination, Mr. Brown cannot rely on Grievance 906402 to show he exhausted his claim in this case. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (holding that exhaustion is designed to provide the prison with notice of the problem and give them an opportunity to fix it).

Second, Mr. Brown argues the Grievance Specialist's rejection of Grievance 906402 misled him into believing his discrimination claim against Ms. Briggs was non-grievable. ECF 37 at 8. However, because Grievance 906402 did not complain of Ms. Briggs' alleged discrimination, as discussed above, there is no evidence the Grievance Specialist's

rejection of Grievance 906402 misled Mr. Brown into believing his discrimination claim against Ms. Briggs was not grievable.

Accordingly, the undisputed facts show Mr. Brown did not exhaust his claim against Ms. Briggs prior to filing this lawsuit, and Mr. Brown has not provided any evidence the grievance process was unavailable to him. Thus, because Ms. Briggs has met her burden to show failure to exhaust, summary judgment is warranted in her favor.

After the summary judgment motion was fully briefed, Mr. Brown moved to file an amended complaint. ECF 51. He alleges that he discovered information establishing that Captain Lawrence Machin and Unit Team Manager Dennis Hood were also personally involved in Ms. Briggs' decision not to reinstate him to the RWI Program. He further contends his treatment was due to an unconstitutional policy on the part of Wexford Medical Foundation. He seeks leave to add these new defendants.

"Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id*. It would be futile to allow Mr. Brown to add these new defendants. As discussed above, he did not exhaust his administrative remedies with respect to his claim of racial discrimination against Ms. Briggs, and that finding would apply to these potential defendants as well.

Finally, Mr. Brown's motion to conduct merits-related discovery must be denied. ECF 52. The Seventh Circuit has instructed that "in the ordinary case discovery with respect to the merits should be deferred until the issue of exhaustion is resolved." *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). And now that this case will be dismissed for failure to exhaust, merits discovery is unnecessary.

For these reasons, the court:

(1) DENIES the motions for leave to file an amended complaint (ECF 51) and for production of documents (ECF 52);

(2) GRANTS the motion for summary judgment (ECF 24); and

(3) DIRECTS the clerk to enter judgment in favor of Michelle Briggs and against Daryl Antonio Brown and to close this case.

SO ORDERED.

April 29, 2022                               *s/ Damon R. Leichty*
                                            Judge, United States District Court